## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ARRIVE NOLA HOTEL, LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 24-1585** |
| **CERTAIN UNDERWRITERS AT LLOYDS, LONDON, ET AL.** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court is Plaintiff Arrive NOLA Hotel LLC's ("Plaintiff") Motion to Remand.[1] In the Motion to Remand, Plaintiff contends that Defendants Certain Underwriters at Lloyd's, London, subscribing to Certificate No. AMR-73287, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company (collectively, "Defendants") improperly removed the case because it is not ripe, relies on an invalid arbitration clause, and that enforcing the arbitration agreement would violate Plaintiff's Due Process rights.[2] For the reasons set forth in more detail below, removal was proper pursuant to the Convention Act. Therefore, having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies Plaintiff's Motion to Remand.

---

[1] Rec. Doc. 8.

[2] Rec. Doc. 8-1.

## I. Background

This litigation arises from alleged property damage to Plaintiff's property located at 600 Mazant Street, New Orleans, LA 70117, resulting from a fire that occurred on December 27, 2022.[3] Plaintiff filed a petition for damages against Defendants in the Civil District Court for the Parish of Orleans on June 19, 2024.[4] Plaintiff avers the property was insured by Defendants at the time of the fire.[5] Plaintiff submits that Defendants received satisfactory proof of loss following an inspection of the property.[6] Plaintiff was then paid insurance proceeds totaling $1,869,058.28 from Defendants.[7] Plaintiff contends that Defendants have not paid the remaining amount reflected in the satisfactory proof of loss and, thus, have failed to tender the full amount due.[8]

On June 19, 2024, Defendants removed the action to this Court, asserting subject matter jurisdiction based on a federal question under 28 U.S.C. §§ 1441 and 1446.[9] In the Notice of Removal, Defendants argue that removal is proper because of a valid arbitration provision in the Policy, which falls under the Convention Act.[10] "Congress promulgated the Convention Act in 1970 to establish procedures for our courts to implement" the Convention on the Recognition and Enforcement of Foreign Arbitral Award (the "Convention").[11] The Convention is an international

---

[3] Rec. Doc. 1-1 at 4.

[4] *Id*. at 1.

[5] *Id*. at 3–4.

[6] *Id*. at 5.

[7] *Id*.

[8] *Id*.

[9] Rec. Doc. 1 at 2.

[10] *Id*.

[11] *McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

treaty, ratified by Congress in 1970, which seeks to "encourage the recognition and enforcement of commercial contracts and to unify the standard by which the agreements to arbitrate are observed, and arbitral awards are enforced in signatory countries."[12] In the Notice of Removal, Defendants aver that because certain Defendants are citizens of countries other than the United States, the Court has original jurisdiction under the Convention Act.[13]

On July 14, 2024, Plaintiff filed the Motion to Remand.[14] On July 29, 2024, Defendants opposed the motion.[15] On August 2, 2024, Plaintiff filed a reply brief in further support of the motion.[16]

## II. Parties' Arguments

### A.    *Plaintiff's Arguments in Support of Motion to Remand*

In the Motion to Remand, Plaintiff argues removal was improper for three reasons.[17] First, Plaintiff asserts this Court lacks subject matter jurisdiction because the case is not ripe for adjudication.[18] Plaintiff asserts that without a determination of whether a valid arbitration agreement exists and was entered into by the parties, this Court must remand the case back to state

---

[12] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

[13] Rec. Doc. 1 at 5.

[14] Rec. Doc. 8.

[15] Rec. Doc. 15.

[16] Rec. Doc. 17.

[17] Rec. Doc. 8-1.

[18] *Id*. at 4.

court.[19] Plaintiff contends that this case should be remanded to determine whether an arbitration agreement exists between the parties.[20]

Second, Plaintiff argues that Defendants' removal was improper because of an invalid arbitration agreement.[21] Plaintiff offers three alternative grounds to support this position.[22] Plaintiff argues it did not and could not have consented to the arbitration provision because Plaintiff did not receive a copy of the Policy before agreeing to coverage.[23] Plaintiff asserts that although the Policy became effective on March 5, 2021, Plaintiff's Broker did not receive it until March 24, 2021.[24] As a result, Plaintiff concludes that mutual consent was not freely given because Plaintiff was not presented with the arbitration clause until after the Policy became effective, rendering the arbitration agreement invalid.[25] Next, Plaintiff asserts that the arbitration agreement is void under Louisiana Revised Statute § 22:868, which prohibits arbitration provisions in surplus lines insurance contracts.[26] In support of this contention, Plaintiff relies on *S. K. A. V., L.L.C. v. Indep. Specialty Ins. Co.*,[27] in which the Fifth Circuit held that "[w]hen a statute prevents the valid formation of an arbitration agreement, as we read § 22:868 to do, we cannot compel arbitration, even on threshold questions of arbitrability."[28] Lastly, Plaintiff argues that the arbitration

---

[19] *Id.* at 5.

[20] *Id.*

[21] *Id.*

[22] *See id.* at 5–12.

[23] *Id.* at 7.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 7–8.

[27] *S. K. A. V., L.L.C. v. Indep. Specialty Ins. Co.*, 103 F.4th 1121 (5th Cir. 2024)

[28] Rec. Doc. 8-1 at 9.

agreement is a contract of adhesion,[29] arguing that the arbitration clause was concealed in the 127-page long Policy and that Defendants had superior bargaining power over Plaintiff by withholding the Policy until after the effective date.[30]

Third, Plaintiff argues that enforcing the arbitration clause violates Plaintiff's right to procedural due process under the Fifth and Fourteenth Amendments.[31] Plaintiff claims these Amendments prevent the government from depriving persons of life, liberty or property without due process of law.[32] Plaintiff asserts, because a legal cause of action had traditionally been considered a property right protected by the Due Process Clause, Plaintiff is being deprived of a legal cause of action by submitting to arbitration, and is thus being deprived of a property right.[33] Further, Plaintiff argues that the purported arbitration agreement disregards fundamental principles of fairness that the Due Process Clauses protect.[34] Therefore, Plaintiff concludes that this case should be remanded back to state court.[35]

**B.    *Defendants' Arguments in Opposition to Motion to Remand***

In opposition to Plaintiff's Motion to Remand, Defendants argue that they properly removed the case pursuant to the Convention Act.[36] First, Defendants urge that Plaintiff admits it received the Policy no later than March 25, 2021 and that the fire occurred 21 months after the

---

[29] *Id.*

[30] *Id.* at 11.

[31] *Id.* at 12.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 13.

[35] *See* Rec. Doc. 8 at 2; *see also* Rec. Doc. 8-1 at 16.

[36] *See* Rec. Doc. 15 at 11.

Plaintiff received the policy.[37] Defendants submit that Plaintiff renewed the Policy on June 5, 2022, six months before the date of loss and over a year after receiving the Policy.[38] Defendants assert that, as a matter of law, Plaintiff is assumed to have read and understood the Policy considering Plaintiff had the full version and renewed it before the date of loss.[39]

Next, Defendants argue that the Convention is meant to provide for "easy" removal and broad federal question jurisdiction in cases that implicate the Convention, and that the United States Supreme Court has held the Convention creates a strong presumption in favor of arbitration.[40] Defendants urge that subject matter jurisdiction is determined by a simple two-step inquiry: whether the arbitration provision "falls under" the convention, and (2) whether the arbitration clause at issue "relates to" the cause of action asserted by Plaintiff.[41] Defendants assert these two questions must be answered based on the face of the Notice of Removal without considering evidence and without a merits-like inquiry.[42]

As far as whether the arbitration clause "falls under" the Convention, Defendants cite a four-factor test. This four-factor test requires: (1) there must be an agreement in writing to arbitrate the dispute, (2) the agreement must provide for arbitration in the territory of a Convention signatory, (3) the agreement to arbitrate must arise out of a commercial legal relationship, and (4) at least one party to the agreement must noy be an American citizen.[43]

---

[37] *Id.* at 3.

[38] *Id.*

[39] *See id.*

[40] *Id.* at 4, 5.

[41] *Id.* at 6.

[42] *Id.* at 6–7.

[43] *Id.* at 9 (citing *Stemcor USA Inc. v. Cia Siderurgica do Para Cosipar,* 927 F.3d 906, 910 (5th Cir. 2019)).

Defendants claim all four requirements are met.[44] First, Defendants argue the arbitration clause in this case is contained within the Policy, which is a written agreement.[45] Second, Defendants aver the arbitration clause calls for arbitration in New York, which is within the United States, a country that is a Convention signatory.[46] Third, Defendants argue the relationship between them and Plaintiff is clearly a commercial legal relationship.[47] Fourth, Defendants claim the removing Defendants are citizens of countries other than the United States.[48]

As for if the litigation "relates to" the arbitration clause, Defendants claim all that is required is whether the arbitration clause "could conceivably affect the outcome of this litigation."[49] Defendants assert it is "incontestable" that the arbitration clause in question could conceivably affect the outcome of this litigation.

Finally, Defendants address what they contend are irrelevant arguments because they concern whether the arbitration clause is enforceable or not, which is not a proper question to consider in removal proceedings.[50] First, Defendants argue that Plaintiff was aware of the arbitration clause when it renewed the policy, meaning Plaintiff knew its contents and is presumed to have known about the arbitration clause.[51] Defendants contend that Plaintiff's failure to read the

---

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Id.*

[49] *Id.* at 10.

[50] *Id.* at 11.

[51] *Id.* at 11–14.

Policy does not vitiate consent.[52] Defendants next claim the arbitration clause is not adhesionary according to Louisiana Supreme Court precedent.[53] Defendants additionally contend the dispute is ripe because the Convention Act was enacted to provide federal courts jurisdiction over cases arising under the Convention, which includes the existence and enforceability of arbitration clauses.[54] Lastly, Defendants argue that *S. K. A. V. v. Independent Specialty Insurance* is not applicable to this case because that case was not decided under the Convention, and Defendants assert that arbitration clauses do not reflect a violation or lack of due process.[55]

## C.    *Plaintiff's Reply in Further Support of Remand*

In reply, Plaintiff maintains that Plaintiff did not, and could not have, consented to the arbitration clause, reiterating that the arbitration clause constitutes a contract of adhesion.[56] Plaintiff maintains that it only received the Policy and its terms after the coverage was bound, leading to the conclusion Plaintiff could not have known of the arbitration clause before coverage was bound.[57] Plaintiff claims that Defendants' argument that Plaintiff consented to the arbitration clause when it renewed the policy does not stand up to scrutiny.[58] Plaintiff contends no arbitration clause was discussed prior to binding the coverage and no arbitration clause was discussed at any point after.[59] Plaintiff argues a policy renewal "does not allow an insurer to wash its hands clean

---

[52] *Id.* at 14.

[53] *Id.* at 15.

[54] *Id.* at 18.

[55] *Id.* at 19–22.

[56] Rec. Doc. 17 at 4.

[57] *Id.* at 3.

[58] *Id.* at 4–6.

[59] *Id.* at 5.

of its previous dubious acts to allow it to enforce concealed provisions."[60] Plaintiff then maintains

a written agreement as required by the Convention does not exist.[61]

Lastly, Plaintiff maintains that the arbitration clause reflects a contract of adhesion because

of its preferential terms.[62] Plaintiff asserts the imbalance of bargaining powers between the parties

owes to the fact Plaintiff did not know the arbitration clause existed and the arbitration clause was

not bolded or in large font, as well as the fact the arbitration clause has "absurdly" preferential

terms for Defendants.[63]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has

original jurisdiction over the action.[64] Unless an act of Congress provides otherwise, a defendant

may remove a state civil court action to federal court if the federal court has original jurisdiction

over the action.[65] The removing party bears the burden of demonstrating that federal jurisdiction

exists.[66] To determine whether jurisdiction is present for removal, the Court must "consider the

claims in the state court petition as they existed at the time of removal."[67]

The Convention is an international treaty, ratified by Congress in 1970, which seeks to

"encourage the recognition and enforcement of commercial contracts and to unify the standard by

---

[60] *Id.*

[61] *Id.* at 6.

[62] *Id.* at 8.

[63] *See id.* at 9.

[64] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[65] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc.*, 537 U.S. at 33.

[66] *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[67] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

which the agreements to arbitrate are observed, and arbitral awards are enforced in signatory countries."[68] "Congress promulgated the Convention Act in 1970 to establish procedures for our courts to implement the Convention."[69] Under the Convention Act, "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy."[70]

Under the Convention Act, "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, . . . falls under the Convention" unless it is entirely between citizens of the United States.[71] Therefore, the Convention Act states that removal is appropriate "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention."[72]

Unlike in other removal cases, "the general rule of construing removal statutes strictly against removal 'cannot apply to [Convention Act] cases because in these instances, Congress created special removal rights to channel cases into federal court.'"[73] Thus, courts have set a "low bar" for removal of Convention Act cases because "easy removal is exactly what Congress intended in [9 U.S.C. § 205]."[74] A federal court may determine its jurisdiction under the

---

[68] *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974).

[69] *McDermott Intern., Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

[70] 9 U.S.C. § 203.

[71] 9 U.S.C. § 202.

[72] 9 U.S.C. § 205.

[73] *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 377 (5th Cir. 2006) (quoting *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, F.2d 1199, 1213 (5th Cir. 1991)).

[74] *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002).

Convention Act "from the petition for removal, without taking evidence and *without a merits-like inquiry*."[75] Thus, removal is appropriate "absent the rare frivolous petition."[76]

## IV. Analysis

Under the Convention Act, "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement falling under the Convention, [Defendants] may, at any time before the trial thereof, remove such action."[77] Thus, courts have found that two requirements must be met for proper removal pursuant to the Convention Act: "(1) [t]here must be an arbitration agreement or award that *falls under* the Convention, and (2) the dispute must *relate to* that arbitration agreement."[78] Each of those requirements is addressed in turn.

### A.    The "Falls Under" Prong

According to the Fifth Circuit, for an arbitration agreement to fall under the Convention, the removing party must satisfy the following elements:

> (1) there must be an agreement in writing to arbitrate the dispute; (2) the agreement must provide for arbitration in the territory of a Convention signatory; (3) the agreement to arbitrate must arise out of a commercial legal relationship; and (4) at least one party to the agreement must not be an American citizen.[79]

The last three elements are not in dispute. The second element is satisfied because the Policy's arbitration provision states, "[t]he seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance."[80] Thus,

---

[75] *Id.* at 672 (emphasis added).

[76] *Id.* at 671.

[77] 9 U.S.C. § 205.

[78] *Stemcor USA Inc. v. CIA Siderurgica do Para Cosipar*, 927 F.3d 906, 909 (5th Cir. 2019) (emphasis added).

[79] *Id.* at 910.

[80] Rec. Doc. 1 at 4.

the agreement provides for arbitration in the United States, and the United States is a signatory to the Convention. The third element is satisfied because an insurance contract constitutes a commercial legal relationship.[81] The fourth element is also met, because it is undisputed that certain Defendants are citizens of countries other than the United States, "including HDI, which is registered under the laws of Germany and has its principal place of business in Hannover, Germany... [and] Lloyd's Underwriters are principally citizens of countries other than the United States, such as the United Kingdom of Great Britain."[82]

Plaintiff argues for the first time in the Reply that the first requirement is not met as there is not a signed, written agreement to arbitrate.[83] Plaintiff argues that "[u]nder clear unanimous rulings in Circuits and the Fifth Circuit's uncertainty of *Sphere Drake*, this Court can and should find that the *arbitration clause* is unsigned as required by the Convention and therefore forecloses a mandate of arbitration."[84] While Plaintiff's arguments may hold water in other circuits, this Court is bound by the Fifth Circuit, and in this case specifically, the Fifth Circuit's holding in *Sphere Drake*.  In *Sphere Drake*, the Fifth Circuit construed Article II of the Convention to require either: (1) an arbitral clause in a contract or (2) an arbitration agreement signed by the parties or contained in an exchange of letters or telegrams.[85] The Fifth Circuit held that a signature was not required because the arbitration clause was contained in a broader insurance contract.[86] The court reasoned

---

[81] *McDonnel Grp., L.L.C v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 432 n.8 (5th Cir. 2019).

[82] Rec. Doc. 1 at 5.

[83] Rec. Doc. 17 at 8.

[84] *Id.* (emphasis added).

[85] *Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 (5th Cir. 1994).

[86] *Id.*

that the phrase "signed by the parties," modified only "an arbitration agreement" and not "an arbitral clause in a contract."[87]

Although the Fifth Circuit's holding on this point is the minority view among circuits,[88] the Fifth Circuit recently acknowledged that *Sphere Drake* remains the law of this Circuit.[89] The Fifth Circuit noted that, although other circuits have rejected *Sphere Drake*'s approach, "Fifth Circuit caselaw holds that Article II does not require a signature when the arbitration clause is part of a broader contract."[90] There has been no intervening change in law that would authorize this Court to find otherwise.[91] *Sphere Drake* remains the law of this Circuit and is binding on this Court. "A signature is therefore not required," and a written agreement exists in this case despite the fact the arbitration clause is unsigned.[92] Thus, a signature is not necessary for there to be a written agreement when the arbitration clause is contained within a larger contract, like it is in this case. Therefore, the Court holds that a written agreement did exist for the purposes of this remand

---

[87] *Id. See also Neptune Shipmanagement Servs. PTE, Ltd. v. Dahiya*, 15 F.4th 630, 638 (5th Cir. 2021) (citing *Sphere Drake*, 16 F.3d at 669) ("Fifth Circuit caselaw holds that Article II does not require a signature when the arbitration clause is part of a broader contract.").

[88] *Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd.*, 186 F.3d 210, 218 (2d Cir. 1999), *abrogation on other grounds recognized by Marks on Behalf of SM v. Hochhauser*, 876 F.3d 416, 420 (2d Cir. 2017); *Yang v. Majestic Blue Fisheries, LLC*, 876 F.3d 996, 1001 (9th Cir. 2017) (calling *Sphere Drake* an "outlier decision" and questioning whether the Fifth Circuit would reach the same conclusion today), abrogated on other grounds by *GE Energy Power Conversion Fr. SAS, Corp. v. Outokumpu Stainless USA, LLC*, 590 U.S. 432 (2020); *Czarina, LLC v. W.F. Poe Syndicate*, 358 F.3d 1286, 1290–91 (11th Cir. 2004) (following Kahn Lucas in holding that Article II requires a signed agreement); *Standard Bent Glass Corp. v. Glassrobots Oy*, 333 F.3d 440, 449 (3d Cir. 2003) (adopting *Kahn Lucas*).

[89] *See Neptune Shipmanagement*, 15 F.4th at 638, 638 n.5 (recognizing that the Fifth Circuit's "view may now be in the minority" and collecting out-of-circuit cases rejecting the *Sphere Drake* approach).

[90] *Id*.

[91] *See Siddiqui Enterprises, LLC v. Indep. Specialty Ins. Co.*, No. 23-4329, 2024 WL 209037, at *2 (E.D. La. Jan. 19, 2024) (citing *Ashi Houma Hotels, LLC v. Independent Specialty Insurance Company*, No. 22-5289, 2023 WL 2263822, at *3 (E.D. La. Feb. 28, 2023)) (rejecting the same argument).

[92] *Sphere Drake,* 16 F.3d 666 at 669.

analysis. Accordingly, the arbitration agreement falls under the Convention because all four elements are satisfied.

## B.    The "Relates To" Prong

According to the Fifth Circuit, "whenever an arbitration agreement falling under the Convention could conceivably affect the outcome of the plaintiff's case, the agreement 'relates to' to the plaintiff's suit."[93] The Fifth Circuit has explicitly instructed district courts *not to consider the merits* of the arbitration provision on a motion to remand because doing so would improperly "combine the jurisdictional and merits inquiry into a single stage."[94] Thus, this standard is interpreted broadly, such that a defendant can meet this standard in "just about any suit" asserting removal under the Convention Act "[a]s long as the defendant's assertion is not completely absurd or impossible."[95]

In this case, Defendants contend that the "relates to" prong is satisfied because "Plaintiff is claiming insurance proceeds under the Policy, which contains an Arbitration Clause that will determine all 'matters in dispute' between Plaintiff and the removing Defendants."[96] Thus, Defendants correctly assert that the arbitration provision relates to the litigation because it will determine what rights Plaintiff has to the insurance proceeds.[97] As the Fifth Circuit has explained, Plaintiff's argument that removal is improper because the Policy's arbitration provision is invalid incorrectly "combine[s] the jurisdictional and merits inquiry into a single stage."[98] Therefore,

---

[93] *Beiser*, 284 F.3d at 669.

[94] *Id.* at 671 (explaining that, if the merits of an arbitration provision are considered under a motion to remand, the decision would not be appealable).

[95] *Id.* at 669.

[96] Rec. Doc. 15 at 10–11.

[97] *Id.* at 11.

[98] *Beiser*, 284 F.3d at 671.

given the "low bar" for removal in Convention cases, and given the presence of an arbitration provision in the Policy that could conceivably affect the outcome of this case, the dispute relates to the Policy's arbitration provision. Because the arbitration agreement falls under the Convention and the dispute relates to that arbitration agreement, removal under the Convention Act was proper. Despite the Fifth Circuit's clear holding on merit-based inquiries at the remand stage, Plaintiff makes several merit-based claims against the arbitration clause, including that the arbitration clause violates Due Process and reflects a contract term of adhesion. In a remand analysis, consideration of these arguments is improper, and the Court declines to consider them at this stage.

## V. Conclusion

For the reasons discussed above, removal was proper pursuant to the Convention Act. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand[99] is **DENIED**.

**NEW ORLEANS, LOUISIANA,** this  21st  day of January, 2025.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[99] Rec. Doc. 8.

15